```
              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW HAMPSHIRE
```

Ashley A. Mason

    v.                                            Civil No. 22-cv-104-SE
                                                        Opinion No. 2023 DNH 123

The Derryfield School

## ORDER

Before the court is the second attempt by defendant the Derryfield School ("School") to dismiss pro se plaintiff Ashley Mason's claim that she suffered pregnancy-based discrimination during her brief employment at the School. The School's prior motion was denied because, at the motion to dismiss stage, the court must consider the well-pleaded allegations in the complaint and make all reasonable inferences in Mason's favor. Applying that standard, the court held that Mason sufficiently pleaded allegations to establish that she timely filed her pregnancy-discrimination claim and that School employees knew that she was pregnant. Notwithstanding the court's prior conclusion, the School has seized upon Mason's amended complaint to renew its arguments. Although evidence may ultimately prove meritorious the School's view of the facts, the current motion suffers the same infirmities as the first. However, because the

amended complaint alleges additional claims that the School also moves to dismiss, a perfunctory denial would be inadequate.[1]

## Standard of Review

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff must make factual allegations sufficient to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

To test a complaint's sufficiency, the court must first identify and disregard statements that "merely offer 'legal conclusions couched as fact' or 'threadbare recitals of the elements of a cause of action.'" Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (quoting Iqbal, 556 U.S. at 678 (alterations omitted)). Second, the court must credit as true all nonconclusory factual allegations and the reasonable inferences drawn from those allegations, and then determine if the claim is plausible. See id. In light of Mason's pro se

---

[1] In addition, both parties move to seal certain documents in the record that refer to sensitive medical information regarding Mason. Doc. nos. 17 & 20. The court grants those motions.

status, the court liberally construes her pleadings. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

Background[2]

Mason was employed by the School as a Technical Support Specialist for 17 days, from August 10, 2020, until the School terminated her employment on August 27, 2020. From August 18 to August 21, Mason was absent from work to undergo and then recover from emergency surgery related to an ectopic pregnancy. Upon her return to work, Mason furnished a doctor's note to Deborah Bremberg, an HR Generalist at the School. The note stated that Mason had undergone gynecological surgery on August 19. The note did not provide any further details about the specific nature of the surgery.

On August 27, Mason met with Bremberg and Jonathan DeYoung, the School's Information Technology Director and Mason's supervisor, to discuss her continued employment. Bremberg fired Mason at that meeting. While explaining the School's decision, Bremberg referred to the doctor's note and specifically told

---

[2] The following facts are taken from Mason's complaint and the documents fairly incorporated into it. See Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 5 (1st Cir. 2005) (noting that in ruling on a motion to dismiss for failure to state a claim, the court may consider "the complaint, documents annexed to it or fairly incorporated into it, and matters susceptible to judicial notice").

Mason that the School considered her August 20 and 21 absences unexcused. Although Mason was out of work from August 18 to August 21, the doctor's note that she provided to the School stated that she was cleared to return to work on August 19, the same day as her surgery. Mason told Bremberg that the note was inaccurate as to her recovery period. She asked if she could supplement it with additional medical documentation. Bremberg declined and reiterated that the School wanted to part ways.

Mason filed a charge of discrimination against the School with the U.S. Equal Employment Opportunity Commission ("EEOC"). After the EEOC issued Mason a right-to-sue letter, she filed the instant action against the School, Bremberg, and DeYoung, alleging that she was unlawfully terminated based on sex discrimination. Doc. no. 1. The defendants moved to dismiss Mason's complaint on the grounds that it improperly named individual School employees as defendants, was untimely, and failed to state a claim under Title VII. Doc. no. 4. On November 7, 2022, the court granted the defendants' motion as to the individual School employees but otherwise denied the motion. Mason v. Derryfield Sch., No. 22-CV-104-SE, 2022 WL 16859666 (D.N.H. Nov. 7, 2022).

On December 19, 2022, Mason moved to amend her complaint, which the court allowed. The amended complaint includes five counts. Doc. no. 15. Counts I, II, and III allege that the

School treated Mason differently because of her gender.[3] Mason also seeks relief for "unlawful withholding of wages" (labeled "Count IV") as well as "infliction of emotional distress" (also labeled "Count IV," which the court assumes was in error and hereinafter calls "Count V"). The School now moves to dismiss Mason's amended complaint. Doc no. 16. Mason objects as to most of her claims but does not object to dismissal of Count V, her infliction of emotional distress claim. Therefore, the court dismisses Count V.

## Discussion

The School asks the court to dismiss Counts I, II, and III on the same two bases on which it sought dismissal of Mason's pregnancy-discrimination claim in its prior motion. First, it argues that Mason's claims are untimely. Second, it contends that Mason fails to state a claim under Title VII by insufficiently alleging that the School knew that she was pregnant when it fired her. Mason's amended complaint, however, includes three separate claims of discrimination supported by separate allegations. Count I alleges that the School fired Mason because of her pregnancy. Count II alleges that Mason was

---

[3] In its motion to dismiss, the School construes Counts I, II, and III to allege pregnancy-based discrimination under Title VII. As discussed further below, the School's conflation of those claims is incompatible with the allegations in each count.

treated differently than a male co-worker was treated, because of her gender, after they both returned from sick leave. Count III alleges that the School failed to follow its hiring policies in relation to her employment and favored a male applicant to a similar IT position.

The School treats all three claims as one single Title VII claim alleging discrimination based on Mason's pregnancy. Doc. no. 16 at 4-5. However, Counts II and III of Mason's amended complaint do not allege pregnancy-based discrimination. The School does not address these distinct allegations, or whether either claim is properly before the court under Title VII. Instead, it focuses singularly on issues relevant to Count I. Thus, the School has not provided any argument in support of dismissing Counts II and III and its motion is denied insofar as it seeks dismissal of those counts.

I.  Count I

In Count I, Mason again alleges that the School discriminated against her by wrongfully terminating her for being absent from work for surgery related to her pregnancy. In its motion to dismiss, the School again argues that the court should dismiss the claim as untimely because Mason did not file her complaint within 90 days after receiving notice of the EEOC's right-to-sue letter and because Mason does not allege

6

that the School or its employees knew that she was pregnant when they terminated her.

### A. Untimeliness

The court previously explained that it could not dismiss the case as untimely without some admission, evidence, or presumption that Mason actually received the December 9, 2021 EEOC email that the School argues triggered her duty to file her civil action within 90 days. Mason, 2022 WL 16859666, at *3. The School attempts to address this proof-of-receipt issue in its instant motion to dismiss by attaching as an exhibit an EEOC email received by the School's counsel on December 9, 2021 announcing that a decision was available on the EEOC portal. Doc. no. 16-2. The School contends that this email helps to prove that Mason herself received an identical EEOC email on the same day. Doc. no. 16-1 at 3.

Even if the court could consider the email at this stage of the litigation, it would not entitle the School to dismissal of Count I. The School's email does not contain any reference to Mason, let alone an email address through which the EEOC sent her correspondence. As the court previously stated, to conclude that Count I is untimely, "the court would need to infer that the email was sent to Mason's correct email address," an inference that weighs in the School's, not Mason's, favor.

7

Mason, 2022 WL 16859666, at *4. The email to the School's counsel does not establish, at this stage of the litigation, that Mason received the EEOC's email on December 9, 2021.[4] As the court previously stated, this issue may be appropriate for resolution on a properly-developed summary judgment record.

B.   Employer's Knowledge of Pregnancy

In its order denying the School's motion to dismiss the first complaint, the court held that Mason is required to allege that the School was aware that Mason was pregnant when it fired her. Mason, 2022 WL 16859666, at *5. But the court also concluded that it was "reasonable to infer that the [doctor's] letter itself or the conversation surrounding it included information from which Bremberg could conclude that Mason's surgery was related to a pregnancy." Id. Neither Mason's amendments to the complaint nor the School's newly proffered evidence alter the court's prior determination.

Although the School attached to the present motion the doctor's note in question, placing its substance newly before the court, it does not change the court's analysis of Mason's allegations regarding the School's knowledge. Specifically, at

---

[4] Even if the School's email did include evidence that the email was sent to Mason's email address, there would remain the question of whether the court should presume Mason received the email; a presumption that she could potentially rebut.

this stage, it is reasonable to infer that School knew of Mason's pregnancy from the written and verbal communications between Mason, Bremberg, and DeYoung, together with the note referring to Mason's "gynecological surgery." As with the School's arguments regarding timeliness, this issue is better addressed at the summary judgment stage.

The court held on November 7, 2022 that Mason's Title VII allegations are sufficient at this stage to survive a motion to dismiss. Mason, 2022 WL 16859666, at *5. For the reasons stated above, none of the defendant's arguments in its instant motion to dismiss change the court's analysis.

## II.  State Law Withholding of Wages Claim

Mason alleges in Count IV of her amended complaint that the School unlawfully withheld her wages for certain days that she was recovering from surgery. The School considered those days to be unexcused absences. Mason does not cite a specific law that the School violated, but the School fairly interprets her claim as an alleged violation of N.H. Rev. Stat. Ann. § 275:48. Doc. no. 15 at 6. The School states, as a factual matter, "it paid all wages owed [to] Mason (who was a salaried exempt employee) in accordance with RSA 275:43, V." Doc. no. 16-1 at 13. To the extent that the School intended to argue that it is entitled to

dismissal of Count IV on that basis, that argument is properly addressed at the summary judgment stage.

The School also argues that the claim "should be dismissed because Mason's federal Title VII claims fail as a matter of law" and the court should decline to exercise supplemental jurisdiction over the wage claim. Id. Because the court does not dismiss Mason's Title VII claims, it will not dismiss Mason's wage claim on jurisdictional grounds.

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (doc. no. 16) is granted as to the claim for infliction of emotional distress in Count V of the amended complaint but is otherwise denied. Both parties' motions to seal, doc. nos. 17 & 20, are granted.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

September 27, 2023

cc:   Ashley Ann Mason, pro se
      Counsel of Record.