UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Ashley A. Mason

    v.                                                 Civil No. 22-cv-104-SE
                                                                                            Opinion No. 2024 DNH 059

The Derryfield School

## ORDER

The court previously twice denied the Derryfield School's motions seeking dismissal of this employment action brought by Ashley Mason. However, the court noted in its orders that the School's arguments might be dispositive on a properly-developed summary judgment record. See Mason v. Derryfield Sch., No. 22-CV-104-SE, 2023 WL 6296031, at *3 (D.N.H. Sept. 27, 2023); Mason v. Derryfield Sch., No. 22-CV-104-SE, 2022 WL 16859666, at *4 (D.N.H. Nov. 7, 2022). Now such a record is before the court, and it finds that certain undisputed facts mandate granting summary judgment in the School's favor on all of Mason's claims in her amended complaint, doc. no. 15.

Counts I, II, and III of Mason's complaint allege violations of Title VII. Count I alleges that the School discriminated against Mason by wrongfully terminating her for being absent from work for pregnancy-related surgery. Count II alleges that Mason was treated differently than a male co-worker was treated, because of her gender, when they both returned from sick leave. Count III alleges that the School failed to follow its hiring processes and favored a male applicant to a similar position. As discussed in prior orders, Mason cannot maintain her Title VII claims unless she first filed an administrative charge with the U.S. Equal Employment

Opportunity Commission ("EEOC") and then filed this action no later than 90 days after receiving the Right-to-Sue Letter from the agency. See Mason, 2022 WL 16859666, at *2-3.

The School is entitled to summary judgment on Mason's pregnancy discrimination claim, Count I, because the undisputed evidence shows that she did not bring her claim within 90 days of receiving notice from the EEOC of her right to sue under Title VII. Specifically, Mason received an email from the EEOC on December 9, 2021, notifying her that it had made a decision regarding her charge and directing her to view the decision by logging into the EEOC Public Portal. See doc. no. 36-2. That same day, she forwarded that email to Anthony Pino at the EEOC and expressed her surprise that the agency had reached a decision. Id. She filed her first complaint against the School on March 23, 2022. Because the undisputed evidence establishes that Mason received the EEOC's December 9, 2021, email on that date and did not file her first complaint until 104 days later, her claim for pregnancy discrimination in Count I is untimely. See Mason, 2022 WL 16859666, at *2-4.

The School argues that it is also entitled to summary judgment on Mason's two other discrimination claims, in Counts II and III of her complaint, because she failed to exhaust her administrative remedies. There is no dispute that Mason filed a charge with the EEOC, but filing a charge "does not open the courthouse door to all claims of discrimination." Velazquez-Ortiz v. Vilsack, 657 F.3d 64, 71 (1st Cir. 2011). On the contrary, Mason's claims can proceed only if the administrative charge "alerted the agency to the alternative bas[es] of discrimination" that Mason raises in Counts II and III. Id. (quoting Thornton v. United Parcel Serv., Inc., 587 F.3d 27, 32 (1st Cir. 2009)). The School contends that Mason's administrative charge "alleged only that she had been 'a victim of unlawful employment discrimination on the basis of my pregnant status in violation of Title VII of the Civil Rights Act of 1964.'" Doc. no. 36-1 at 7. The EEOC described

Mason's claim as one alleging that the School discriminated against her on the basis of her pregnancy status by terminating her employment due to "complications with [her] pregnancy and being out for pregnancy related surgery." Doc. no. 18 at 18. Neither of these descriptions encompasses Mason's claims in Counts II and III. For her part, Mason does not dispute that she failed to exhaust those claims at the EEOC. Nor does she argue that the exhaustion requirement has been waived or equitably tolled. The court therefore grants the School's motion as to Counts II and III because Mason failed to exhaust her administrative remedies with regard to those claims. See Velazquez-Ortiz, 657 F.3d at 71-72. The court further notes that even if the summary judgment record failed to establish conclusively that Mason's administrative charge was insufficiently related to Counts II and III for exhaustion, thereby permitting a finding that Mason's administrative action included those claims, Counts II and III would be untimely for the same reasons that Count I is untimely.

Mason's only remaining claim is Count IV of her complaint, which the court previously construed to allege a violation of N.H. Rev. Stat. Ann. § 275:48. Mason, 2023 WL 6296031, at *4. Mason "now sees and concedes that she was mistaken" for believing that the School illegally withheld wages from her. Doc. no. 41 at 2-3. Based on Mason's concession, the court grants summary judgment on Count IV.

Throughout her summary judgment briefing, Mason contends that there are material disputes of fact regarding the School's knowledge of her pregnancy status and asks for additional time to complete discovery of her work emails on that topic. The court denies Mason's request for additional discovery because neither the School's knowledge of her pregnancy status nor any other content of her work emails is relevant to the court's determination that the School is entitled to summary judgment.

The School's reply to Mason's objection requests attorney's fees and costs on the basis that Mason pressed her claim for lost wages in her objection even though records show that she was paid in full for four weeks, one week more than she worked. The definitive records, however, were not included with the School's motion and were instead attached to the reply in which the School makes its request for fees. Faced with those records, Mason acknowledged her misunderstanding in her surreply and abandoned the claim. Under these circumstances, the School is not entitled to an award of fees and costs.

<u>Conclusion</u>

For the foregoing reasons, the defendant's motion for summary judgment (doc. no. 36) is granted, but its request for attorney's fees and costs is denied. The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

July 22, 2024

cc:   Ashley Ann Mason, pro se
      Counsel of Record.